IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | | CASE NOS.: GLR-21-120 |
| | * | |
| XAVIER JONES | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO SUPPRESS TANGIBLE EVIDENCE,
DERIVATIVE EVIDENCE AND STATEMENTS**

NOW COMES Defendant, Xavier Jones, by and through his attorneys, Tyler L. Mann of the Law Offices of Mann & Risch, LLC, hereby respectfully moves this Honorable Court pursuant to Federal Rule of Criminal Procedure 12(b)(3) to suppress any and all tangible and derivative evidence, including any statements of the defendant, seized prior to, during, and following his arrest, and in support thereof states as follows:

1. The Defendant is charged with Count 1: Hobbs Act Robbery from December 17, 2020 in violation of 18 U.S.C. § 1951(a); Count 2: use and brandishing of a firearm during a crime of violence from December 17, 2020 in violation of 18 U.S.C. § 924(c)(1)(A)(iii); Count 3: Hobbs Act Robbery from December 23, 2020 in violation of 18 U.S.C. § 1951(a);  and Count 4: use and brandishing of a firearm during a crime of violence from December 23, 2020 in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

2. It is alleged that Defendant conspired with Co-Defendant Rico Dashiell and Donte Herring to part in two separate armed robberies of cell phone staores in Baltimore County, Maryland. The Russell Cellular Verizon store was robbed on December 17, 2020 and the AT&T store was robbed on December 23, 2020.  During the December 23rd robbery, a tracking device, placed in a cell phone box, was activated.

Baltimore County police tracked the box's GPS to 5724 Calverton St, Catonsville, MD 21228.  Police aviation units observed three individuals enter the home with bags in their hands. Two similar cars, used in each robbery were located in the rear of the home. Police waited outside the home for two hours until they made entrance with force.  The Defendant along with Co-Defendant's were located inside the home.  A search and seizure warrant was executed in the home and the two vehicles located in the rear.  Items stolen from the AT&T store were located, matching clothes, three handguns, and other items were recovered from the house.  From the vehicles other inculpatory items were recovered.

   3. The evidence in this case was seized without reasonable suspicion or probable cause that a crime had occurred.

   4. Any warrantless arrest in this case was conducted without probable cause. Because the arrest was conducted without probable cause, any items seized as a result of the arrest must be suppressed.

   5. Any statements, admissions, or confessions were involuntary and obtained in violation of the Defendant's privilege against self-incrimination, his right to counsel as guaranteed by the Fifth Amendment and Sixth Amendments to the United States Constitution, and the Supreme Court's holding in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

   6. The Defendant is entitled to a hearing regarding the voluntariness of any statements, admissions, or confessions attributed to him in accordance with the provisions of Title 18 U.S.C. § 3501 and the principles set forth in the case of <u>United States v. Inman</u>, 352 F.2d 954 (4th Cir. 1965).

7. The affidavit underlying the warrant(s) did not establish probable cause to believe that any evidence of crime would be found on the person of the Defendant or in his residence.

8. The affidavit was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrants.

9. That any statements of a confidential informant introduced into evidence would violate the Confrontation Clause of the Sixth Amendment as provided in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).

WHEREFORE, the Defendant moves that

(a) any and all evidence seized from Defendants' person, vehicle(s), residence(s) be suppressed;

(b) any and all statements of Defendant be suppressed;

(c) the trial be severed from the Co-Defendants;

(d) Defendant be permitted to supplement this Motion and Memorandum as needed; and

(e) this Honorable Court grant any further relief as appropriate.

Respectfully submitted,

_____/s/_____
Tyler Mann   #30028
Law Offices of Mann & Risch, LLC
101 E. Chesapeake Ave, Suite 100
Towson, Maryland  21286
tyler@mannrisch.com
410-929-5145 (office)
410-625-5809 (fax)

Attorney for Xavier Jones

3

Authority:

1. Fourth, Fifth, and Sixth Amendments to the United States Constitution.
2. <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).
3. <u>Doe v. Broderick</u>, 225 F.3d 440 (4th Cir. 2000).
4. <u>Florida v. Royer</u>, 460 U.S. 491 (1983).
5. <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).
6. <u>United States v. Inman</u>, 352 F.2d 954 (4th Cir. 1965).
7. <u>United States v. Leon</u>, 468 U.S. 897 (1984).
8. <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of July 2022, a copy of the foregoing Motion emailed, to Paul Riley, Assistant United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201.

_____/s/_____
Tyler Mann