

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Paul Riley* | *Suite 400* | *DIRECT: 410-209-4959* |
| *Assistant United States Attorney* | *36 S. Charles Street* | *MAIN: 410-209-4800* |
| *Paul.Riley@usdoj.gov* | *Baltimore, MD 21201-3119* | *FAX: 410-962-3091* |

February 9, 2023

**BY ECF**

The Honorable George L. Russell III
United States District Judge
United States District Court for the District of Maryland
United States Courthouse
101 West Lombard Street
Baltimore, MD 21201

Re:   *United States v. Donte Herring, Xavier Jones*, Crim. No. GLR-21-0120

Dear Judge Russell:

We write on behalf of the Government in the above-referenced matter in response to the Court's Order dated February 7, 2023 (ECF No. 100) directing the Government to respond to Defendant Jones's Motion For Continuance of March 6, 2023 Trial Date (the "Motion") (ECF No. 99). The Court should summarily deny the Motion without a hearing.

By Order dated April 13, 2022, the Court scheduled the trial in this matter to commence on March 6, 2023. ECF No. 64. That Order provided as follows:

> The parties have ten days from today to request a modification of the schedule, after which no changes to the schedule set forth above will be permitted unless authorized by the Court *for good cause shown*. Any such requests, either stipulated or *ex parte*, must be by motion and filed electronically.

ECF No. 64 at 2 (emphasis added). Defendant has not and cannot establish good cause sufficient to warrant a continuance of the trial in this matter, which has been pending since April 22, 2021.

Defendant essentially claims that the trial should be continued because he has "not been able to concentrate" on this matter given that he has had charges pending in other districts. Motion at 2. He also states that he would like more time to "review the discovery in the matter, discuss plea with his family, discuss trial strategy with his attorney, and prepare for trial." *Id.*

Neither of these reasons is sufficient to warrant any delay of the trial in this matter. This case has been pending for almost two years. Defendant had his initial appearance in this matter on June 9, 2021, and his current counsel was appointed. Discovery disclosures have been made on a rolling basis since July 2021. Defendant filed various motions, ECF Nos. 70-71, and a motions hearing, at which Defendant was of course present, was held on September 23, 2022. Simply put, Defendant has had more than ample time to review the discovery in this case, consider a resolution short of trial,[1] and prepare for trial. Moreover, though it is true that Defendant did for a time have local, unrelated charges pending in addition to this federal case, Defendant's claim

---

[1] The Government has made two plea offers to Defendant—one in December 2021 and another offer more recently, on February 6, 2023. That second plea offer is set to expire on February 10, 2023.

that he has been unable to "concentrate" on this matter is unavailing. Defendant's purported failure to be able to concentrate on this case is no one's fault but his own.

Likewise, Defendant's Co-Defendant, Mr. Herring, objects to any postponement of the case, and the Court has already ruled that Jones and Herring are to be tried together. Motions Hearing Tr. at 17-18 (denying Jones's motion to sever). What's more, the Government has already undertaken considerable efforts in preparing for trial, including serving trial subpoenas on, and preparing with its trial witnesses (including civilians), and should not be forced to delay this matter any further.

For these reasons, the Government respectfully requests that the Court summarily deny Defendant's Motion without a hearing.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:   /s/
      Paul A. Riley
      Michael Aubin
      Assistant United States Attorneys

CC:  All counsel (by ECF)