IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIM No. GLR-21-0120 |
| | * | |
| DONTE HERRING | * | |

\* \* \* \* \*

## DONTE HERRING'S RESPONSE TO THE GOVERNMENT'S MOTION TO PRECLUDE THE TESTIMONY OF SPENCER MCINVAILLE

Defendant, Donte Herring, by and through his undersigned counsel, David Walsh-Little hereby responds to the Government's Motion to Preclude the Testimony of Spencer McInvaille (ECF No. 107) and in support there of states as follows:

On February 3, 2023, counsel for Donte Herring provided the Government with notice that he reserved the right to call Spencer McInvaille as an expert in the analysis of global positioning data and in the analysis of historic cell site location data. The letter was dated January 18, 2023, as that was the date it was drafted by undersigned counsel. ECF No. 107-3. Due to Mr. McInvaille's busy schedule, it took additional time for him to review and sign the notice. On January 10, 2023, undersigned counsel provide the prosecution with a similar notice that was not yet signed by the expert, with Mr. McInvaille's curriculum vitae (hereinafter "CV"), as a courtesy to the Government so they had appropriate time to prepare. A written report by Mr. McInvaille was later provided on February 8, 2023. ECF 107-4.

Mr. McInvaille's expertise is described in his CV. ECF 107-3 pp. 4-9. His certifications, training, and professional background in the field are well documented. He has testified as an

1

expert witness over thirty five times in federal and state courts. The bulk of his report and expected testimony will be on explaining global positioning systems and how they work, and opining on the location of an ankle bracelet that the Government alleges was assigned to Donte Herring. The Government has no basis to challenge this testimony as they intend to call a similar expert on this very issue. Even if the Court accepts, which it should not, the Government's arguments regarding Mr. McInvaille's testimony, precluding Mr. McInvaille's testimony in total as requested would be an overly broad remedy.

Among the requirements for an expert's opinion to be admissible, the opinion must be "based on sufficient facts or data." Federal Rule of Evidence 702. Mr. McInvaille reviewed global positioning systems data provided by the Government in discovery and made certain expert conclusions on that data as an expert can and should do. Part of those expert conclusions identify the limitations of the conclusions that can be reasonably drawn from the data analyzed. The same data has been analyzed by experts of the Government.

There is no dispute that at times the GPS records show that an alert of a strap tamper was reported by the device. The data presented cannot assist however in determining whether the strap tamper alert was accurate, how the strap was tampered with if it was, and whether such tampering was done in response to an intentional act. Such conclusions are not supported by the data. When Mr. McInvaille describes any conclusion on how the device was tampered with as "speculative" he is not invading the province of the Court to determine what evidence is or is not admissible at the trial of this case. He is simply describing the limitations of the conclusions that may be drawn from the GPS data provided in his expert opinion.

In any event, if the Government does not elicit testimony from any of its experts concerning opinions on how specifically the particular strap in this case was tampered with in its case in chief,

as represented in its motion (ECF No. 107, pp.18-19), and if Mr. McInvaille is called as a witness, Mr. Herring has no intention of eliciting testimony on this issue.

The Government additionally objects to Mr. McInvaille testifying from his experience about how ankle bracelets are installed, and the ability of someone wearing the device to remove it. Mr. Herring does not intend to elicited testimony from Mr. McInvaille on these issues.

WHEREFORE Donte Herring respectfully requests that The Court deny the Government's motion to preclude the testimony of Spencer McInvaille in this case.

                                                Respectfully submitted

                                                /s/
                                         DAVID WALSH-LITTLE, #23586
The Law Office of David Walsh-Little, LLC
1014 West 36th Street
Baltimore, Md 21211
Tel: 1.410.205.9337
Fax: 1.667.401.2414
Email: david@walshlittlelaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion was sent to all parties via CM/ECF.

                                                /s/
                                       DAVID WALSH-LITTLE, #23586